124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleazar DE LEON-bARRIOS, a.k.a. Eleazar De Leone Barrios, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Decided Sept. 15, 1997.
 
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eleazar De Leon-Barrios, a native and citizen of Guatemala, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, and we will reverse that decision only if the applicant presents compelling evidence of persecution. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 4
 De Leon-Barrios contends that the BIA's finding that he did not establish a well-founded fear of persecution on account of his imputed political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, De Leon-Barrios must show that he has a well-founded fear of persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A); Acewicz, 984 F.2d at 1061. He must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See id. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution" on the relevant ground. Id. (citation and internal quotations omitted).
 
 
 6
 De Leon-Barrios testified that, in December 1990, between twenty and thirty guerrillas came to his family's home in Champerico and attempted to recruit his family. De Leon-Barrios was in Guatemala City at the time. His father stalled the guerrillas by telling them that he needed to discuss the matter with the entire family. After the guerrillas left, the family dispersed to neighboring towns. De Leon-Barrios stayed in Coatepeque for six months, but left when he heard that the guerrillas had returned to the family's house looking for the family. He then spent eight or nine months in Retalhuleu, but left for the United States when he learned that the guerrillas were looking for him in Retalhuleu.
 
 
 7
 De Leon-Barrios's father was a farm administrator for a wealthy Spaniard and a member of the civil defense patrols. De Leon-Barrios testified that the guerrillas told his father that they were interested in him "because you're with the civil defense and because you work for rich people." De Leon-Barrios testified that his family did not want to join the guerrillas because "they are evil" and "[t]hey do bad things." The guerrillas, however, never communicated with De Leon-Barrios in person or in writing.
 
 
 8
 Here, substantial evidence supports the BIA's determination that De Leon-Barrios failed to establish his eligibility for asylum. Although De Leon-Barrios's testimony may have established that he genuinely fears persecution if returned to Guatemala, he adduced no evidence to support an objectively reasonable well-founded fear of persecution. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990).
 
 
 9
 De Leon-Barrios's attempts to distinguish this case from INS v. Elias-Zacarias, 502 U.S. 478 (1992), are unavailing. Although De Leon-Barrios believes that the guerrillas imputed a political opinion to him based upon his father's involvement with the civil defense patrols and status as a farm administrator, he conceded that he did not know why the guerrillas would believe his family opposed them and he could not show that the guerrillas actually imputed a political opinion to him. See Sangha v. INS, 103 F.3d 1482, 1489-90 (9th Cir.1997). Where the guerrillas seek merely to fill their ranks, such forced recruitment is not on account of political opinion. See Elias-Zacarias, 502 U.S. at 482.
 
 
 10
 De Leon-Barrios also contends that he has a well-founded fear of persecution on account of his membership in two particular social groups: family members of businessmen and family members of civil defense patrols. We agree with the BIA that De Leon-Barrios has not shown that members of these purported social groups are in danger of persecution by the guerrillas. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1577 (9th Cir.1986). Moreover, "[m]ajor segments of the population of an embattled nation, even though undoubtedly at some risk from general political violence, will rarely, if ever, constitute a distinct 'social group' for the purposes of establishing refugee status." Id.
 
 
 11
 De Leon-Barrios also claims that he fears persecution because his cousin was murdered. De Leon-Barrios has not, however, established any link between his situation and his cousin's death. Absent a pattern of persecution tied to De Leon-Barrios, the alleged murder of his cousin fails to establish a well-founded fear of persecution. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991); see also De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990).
 
 
 12
 Last, although De Leon-Barrios demonstrated that the guerrillas had the capability of locating him in his hometown and surrounding area, he has not demonstrated that he could not resettle elsewhere in Guatemala. See Singh v. Moschorak, 53 F.3d 1031, 1034 (9th Cir.1995).
 
 
 13
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that De Leon-Barrios possessed a well-founded fear of persecution. See Acewicz, 984 F.2d at 1061. Because the standard for withholding of deportation is higher than the standard for asylum, we conclude that De Leon-Barrios was not entitled to withholding of deportation. See id. at 1062
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3